428 S.E.2d 322

Joseph LaPLACA, Plaintiff Below, Appellee,

v.

Tareg ODEH and McDonald's Restaurants of West Virginia, Inc., a West Virginia Corporation, Defendants Below,

McDonald's Restaurants of West Virginia, Inc., a West Virginia Corporation, Appellant.

No. 21272.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 20, 1993.

Decided March 12, 1993.

John S. Dalporto, Thomas H. Newbraugh, Fusco & Newbraugh, Morgantown, for appellee.

Charles J. Crooks, Rose, Padden & Petty, Morgantown, for appellant.

PER CURIAM:

This is an appeal by McDonald's Restaurants of West Virginia, Inc., a West Virginia corporation, from an order of the Circuit Court of Monongalia County awarding Joseph LaPlaca $25,000.00 in punitive damages as a result of a battery action brought by Mr. LaPlaca against Tareg Odeh, a McDonald's employee, and against McDonald's Restaurants of West Virginia, Inc. On appeal, the appellant, McDonald's Restaurants of West Virginia, Inc., claims that the circuit court erred in refusing to vacate a $25,000.00 punitive damage award found against it by a jury and in entering judgment against it for that amount. It claims that the award was improper in that the jury failed to award compensatory damages and failed to find McDonald's liable for compensatory damages. In essence, McDonald's claims that an award of compensatory damages must be made before there can be an award of punitive damages in West Virginia. After reviewing the record and the question presented, this Court

agrees with McDonald's assertion. Accordingly, the judgment of the Circuit Court of Monongalia County is reversed.

This appeal grows out of an incident which occurred on September 10, 1988. On that date, Joseph LaPlaca, the plaintiff below, and a friend, Kurry Emmons, were customers at a McDonald's Restaurant in Morgantown, West Virginia, on the night of a West Virginia University football game. At the time of the incident, both Mr. LaPlaca and Mr. Emmons were drinking. The evidence as to exactly what occurred in somewhat conflicting. Mr. LaPlaca's evidence indicates that as he was leaving the premises of the McDonald's Restaurant, he was pushed from behind by Tareg Odeh, a McDonald's employee. As a result, he fell against a hand railing and cut his face. Tareg Odeh, during trial, contended that Mr. LaPlaca and his companion had been rude, abusive, and aggressive toward the restaurant employees, including Mr. Odeh, who was in charge of the restaurant. Mr. Odeh essentially took the position that he had knocked Mr. LaPlaca to the ground in self-defense.

As a result of the incident, Mr. LaPlaca instituted a battery action against Tareg Odeh and against McDonald's Restaurants of West Virginia, Inc., Mr. Odeh's employer. The specific claim against the appellant, McDonald's Restaurants, was that McDonald's was vicariously liable, essentially under the doctrine of *respondeat superior*, for Mr. LaPlaca's injury. Mr. LaPlaca also claimed that McDonald's knew or should have known of Tareg Odeh's propensity for violence and negligently failed to take reasonable action to protect him. Mr. LaPlaca sought both compensatory and punitive damages against McDonald's Restaurants of West Virginia, Inc.

After the filing of the complaint, Tareg Odeh filed a counterclaim in which he sought both compensatory and punitive damages from Mr. LaPlaca, based on the claim that Mr. LaPlaca had battered him.

The case was ultimately submitted to a jury, and, at the conclusion of the trial, the jury found that Mr. Odeh was not liable to Mr. LaPlaca for either compensatory or punitive damages. Instead, the jury awarded Mr. Odeh $2,500.00 compensatory and $5,000.00 punitive damages against Mr. LaPlaca on Mr. Odeh's counterclaim. In spite of this, the jury, which also failed to award compensatory damages to Mr. LaPlaca against McDonald's Restaurants of West Virginia, Inc., awarded Mr. LaPlaca $25,000.00 in punitive damages against McDonald's Restaurants. To explain its verdict, the jury, which explicitly found no compensatory damages against McDonald's Restaurants, suggested that its reason for awarding punitive damages against McDonald's was that McDonald's had failed to follow company incident reporting procedures fully and had ratified Mr. Odeh's actions.

In the present appeal, the appellant, McDonald's Restaurants of West Virginia, Inc., claims that the circuit court should have vacated the $25,000.00 punitive damage award against it since the jury failed to make a compensatory damages award.

In a number of early cases, this Court recognized that a plaintiff cannot maintain an action merely to recover punitive or exemplary damages. The Court also noted that a plaintiff also may not maintain an action merely for the infliction of punishment. As a consequence, several cases recognized that an award of compensatory damages was a necessary predicate for an award of punitive damages. *See Newman v. Robson & Prichard*, 86 W.Va. 681, 104 S.E. 127 (1920); *Toler v. Cassinelli*, 129 W.Va. 591, 41 S.E.2d 672 (1946); *Ennis v. Brawley*, 129 W.Va. 621, 41 S.E.2d 680 (1946). The rule was summarized in syllabus point 3 of *Toler v. Cassinelli, supra,* as follows:

A finding of compensatory damages by a jury is an indispensable predicate to a finding of exemplary or punitive damages, and damages awarded by way of punishment must bear a reasonable proportion to compensatory damages so found.

In the case of *Wells v. Smith*, 171 W.Va. 97, 297 S.E.2d 872 (1982), the Court, in a case involving a tortious plan or scheme which deliberately disregarded the rights of others, seemingly backed off the established and general rule and stated:

We therefore believe that where the jury is properly instructed on the issue of damages, the failure to return an award for compensatory damages should not of itself preclude a punitive award, provided there is evidence showing an injury to the plaintiff caused by the egregious and tortious conduct of the defendant.

*Id.* at 105, 297 S.E.2d at 880. This Court, in syllabus point 3 of *Wells v. Smith, Id.,* summarized what appeared to be a new rule, as follows:

Where there is evidence implicating the defendant as an active participant in a tortious plan or scheme which deliberately disregards the rights of others, and the jury returns compensatory damages against some of those involved in the scheme, the failure of the jury to return an award of compensatory damages against a particular defendant will not of itself allow that defendant to escape liability for punitive damages assessed against him.

In the *Wells* case, the Court did not specifically overrule the holding in the *Toler* case that there must be an award of compensatory damages before there can be an award of punitive damages.

More recently, in the case of *Garnes v. Fleming Landfill, Inc.,* 186 W.Va. 656, 413 S.E.2d 897 (1991), handed down after the present case was submitted to the jury, this Court revisited the question of whether an award of compensatory damages was required to support a punitive damage award. The Court, in the *Garnes* case, found that in spite of the holding in syllabus point 3 of *Wells v. Smith, supra,* an award of some compensatory damages was required to support a punitive damages award, and in syllabus point 1 of *Garnes v. Fleming Landfill, Inc., Id.,* the Court specifically overruled syllabus point 3 of *Wells*

v. *Smith supra,* which allowed a jury to return a punitive damage award without a finding of compensatory damages.

■ In this Court's view, syllabus point 3 of *Toler v. Cassinelli, supra,* in so far as it holds that a finding of compensatory damages by a jury is an indispensable predicate to a finding of exemplary or punitive damages properly states the current law in West Virginia.

■ In examining the case presently before the Court, it is clear that the jury failed to find compensatory damages against either the defendant appellant, McDonald's Restaurants, or McDonald's employee, Tareg Odeh. In view of the failure of the jury to find compensatory damages, the Court believes that the indispensable predicate to a finding of a punitive damage award against the appellant, McDonald's Restaurants of West Virginia, Inc., was missing in this case. Under the circumstances, in view of the law set forth in syllabus point 3 of *Toler v. Cassinelli, supra,* the trial court erred in failing to grant McDonald's Restaurants' motion to vacate the punitive damage award found against it by the jury.[1]

For the reasons stated, the judgment of the Circuit Court of Monongalia County is reversed insofar as it relates to the punitive damages award against McDonald's Restaurants of West Virginia, Inc., and this case is remanded to the Circuit Court of Monongalia County with directions that the circuit court vacate that portion of the judgment order awarding damages against McDonald's and restructure the judgment order so as to hold McDonald's harmless.

Reversed and remanded with directions.

---

**1.** The Court notes that the jury assigned two apparent reasons for awarding punitive damages against McDonald's: (1) That McDonald's had ratified Tareg Odeh's action; and (2) that McDonald's, after the fact, had failed to investigate the incident properly. Although not essential to the decision of this case, the Court believes that both theories are flawed. Since the jury found Tareg Odeh blameless from a legal point of view, and even entitled to a recovery, even if McDonald's had ratified his actions, that would have given rise to no imputation of liability to McDonald's. Further, the allegation regarding investigation involved occurrences after the incident giving rise to the action. Since the occurrences on which the jury focused happened after the incident, they could, in no way, have, from a legal point of view, been proximate causes of the incident.